IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § § | CAUSE NO. A-14-CR-022(1)-LY |
| RICHARD EDWARD SOFINOWSKI | | |

## MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant RICHARD EDWARD SOFINOWSKI, by and through his undersigned counsel, and moves this Court, pursuant to the Fifth and Sixth Amendments to the United States Constitution to order the Government to disclose, either prior to trial or at such time as the Court may deem appropriate to allow defense counsel an opportunity to effectively utilize such information, any and all information or evidence, tangible or intangible, relating directly or indirectly to, or potentially related to exculpation, mitigation, or impeachment, whether tangible or intangible, including but NOT LIMITED to the following specifically enumerated items, whether such items be currently or at any future date within the prosecutor's possession or the possession of any federal or state governmental agency:

(1) With respect to any witnesses the Government may call at trial and with respect to any co-conspirator, whether indicted or unindicted, the following information:

    a. Names and addresses of any such persons;

    b. Any federal or state convictions, and pending or dismissed indictments, information, and complaints, and, if any are dismissed, then the reasons for such dismissal;

c. Any federal or state arrests, and the records thereof;

d. Any federal or state prison records;

e. Whether any such person has been hospitalized for psychiatric or emotional disorders, and, if so, the names of any institutions involved and the dates of any hospitalization;

f. Whether any such person has been hospitalized for alcoholism or drug abuse, and, if so, the names of any institutions involved and the dates of any hospitalization;

g. Whether any such person has been otherwise treated for psychiatric or emotional disorders, alcoholism, or drug abuse, and, if so, any and all reports relating to such condition;

h. Whether the veracity of any such person has been submitted to polygraph or other veracity-probing examination, and, if so, the full results of such examination;

i. Any information of criminal conduct although such person has not been arrested, indicted, or otherwise charged for such conduct;

j. Names and addresses of every person, including persons not to be called at trial, to whom photographs of the Defendant or any of his alleged co-conspirators were shown, and who failed to positively identify the Defendant and/or any alleged co-conspirators;

k. Any reports, memoranda, or statements which contain interviews with, or description by, the persons enumerated in subsection (j) relevant to their recollection of the event about which the Government was seeking identification and a description of the identification procedure itself;

l. Any evidence of physical infirmity of any such person, along with results and reports of same, which infirmity might affect said person's ability to perceive or recall, or otherwise affect his credibility;

m. Any evidence tending to show that the reputation of any such person for truth-telling is bad;

n. Whether any such persons have been witnesses to any other trial or civil proceeding related in any way to the subject matter of this cause and a transcript of such testimony or statements;

o. Any inconsistent statements of any such person or between them, statements of bias or prejudice against the Defendant by such persons, and admissions of poor memory or lack of knowledge of any such persons;

(2) The existence and substance of any and all wiretapping, eavesdropping, electronic surveillance or recorded phone conversations of the following:

a. The Defendant;

b. Any business or offices in which the Defendant holds any interest;

c. Any living quarters in which the Defendant holds any interest;

d. The Defendant's attorneys, their agents, employees, or offices;

e. Any alleged co-conspirators or co-defendants.

(3) With respect to any witness or evidence presented before the grand jury, the following:

a. Any testimony by a grand jury witness inconsistent with any previous testimony or statement of whatever sort such person may have given;

b. Any statements of bias or prejudice against the Defendant;

c. Any testimony by a grand jury witness inconsistent with the testimony of other grand jury witnesses;

d. Any testimony by a grand jury witness inconsistent with any previous grand jury testimony given by such witness;

e. Any testimony by a grand jury witness inconsistent with any statement, written or oral, known to the Government;

f. Any evidence, other than testimony, presented before the grand jury inconsistent with the testimony of any grand jury witness;

g. Any grand jury evidence, other than testimony, inconsistent with that presented at any trial or proceeding of any kind, civil or criminal, related to the subject matter of this cause;

h. Any grand jury evidence, other than testimony, inconsistent with any of this grand jury evidence;

I. Admissions of poor memory or lack of knowledge by any grand jury witness;

j. Any testimony of a grand jury witness tending to show Defendant was not involved in the offenses charged;

k. Failure of any grand jury witness to inculpate Defendant, where such witness was in a position to have known of Defendant's involvement, if any, in the offenses charged;

l. Names and addresses of all persons whom the Government considered calling before the grand jury, but failed to call, and the reasons therefor;

m. Any testimony or evidence before the grand jury inculpating others in the offenses charged;

n. Names and addresses of any grand jury witnesses invoking the right against self-incrimination before the grand jury; the number of times each witness invoked such privilege; and the circumstances surrounding each such invocation.

(4) Any written, recorded, or oral statements made by the Defendant to any person.

(5) The results, reports and opinions obtained from examination, tests and experiments on physical items and evidence.

(6) Any evidence concerning searches and seizures, electronic or otherwise, which would make said search or seizure tainted or illegal.

(7) Any information which the Government has, or later obtains, that in any way indicates that any statement or testimony of a witness or other person is false or misleading.

(8) Any and all statements or records of any kind, state or federal, of Defendant or any alleged co-conspirator or any other person, that relate or might relate directly or indirectly to exculpation, mitigation, or impeachment, or which might lead to information or evidence related to exculpation, mitigation, or impeachment.

(9) Any and all records of any kind, maintained by any person or persons, which pertain directly or indirectly to the alleged violation of 21 U.S.C. §§ 841 and 846; referred to in the indictment, and which relate or might relate directly or indirectly to exculpation, mitigation, or impeachment, or that might lead to information or evidence related to exculpation, mitigation, or impeachment.

(10) Any and all negotiable instruments, personal checks, cashiers checks, promissory notes, or otherwise, related in any way to this cause.

(11) Any and all currency transactions reports required by federal law which relate in any way to this cause.

(12) Any and all documentary evidence of any kind not described about which in any way relates or might relate, directly or indirectly, to exculpation, mitigation, or impeachment.

This request is expressly intended to encompass any and all such evidence or information of the above-described character that may come within the possession, or to the attention of the Government subsequent to this request.

It is respectfully submitted that all of the items contained in this motion fall within the mandate of *Brady v. Maryland*, 373 U.S. 83 (1963); *Giles v. Maryland*, 386 U.S. 66 (1967); *Moore v. Illinois*, 408 U.S. 786 (1972); and the *U.S. v. Agurs*, 427 U.S. 97 (1976).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court order disclosure of the above-described exculpatory material.

Respectfully submitted,

DAVID REYNOLDS
State Bar No. 16796500
1012 Rio Grande St.
Austin, Texas 78701
512-472-1963 - FAX 512 472-4102
ATTORNEY FOR DEFENDANT

IRA L. DAVIS
State Bar No. 05497700
1012 Rio Grande St
Austin, Texas 78701
(512) 472-9154 - Fax 472-4102
ATTORNEY FOR DEFENDANT

Certificate of Service

By my signature above, I certify that a true and correct copy of this Motion for Disclosure of Exculpatory Evidence was electronically filed with the U.S. District Clerk using the CM/ECF system, which will send notice of this filing to AUSA Mark Marshall, 816 Congress Ave, Ste 1000, Austin, TX 78701 on February15, 2014.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CAUSE NO. A-14-CR-022(1)-LY |
| RICHARD EDWARD SOFINOWSKI | | |

## ORDER

On this day came on to be heard Defendant's Motion for Disclosure of Exculpatory Evidence, and after studied consideration of the arguments and authorities, it is the opinion of this Court that this Motion is meritorious and should be granted.

IT IS, THEREFORE, ORDERED that the Motion be and is hereby in all things **GRANTED**.

SIGNED the _____ day of _____, 20____.

_____
JUDGE PRESIDING